IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAZMIN GEANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | JURY TRIAL DEMANDED |
| POHANKA OF CHANTILLY, INC. ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

The Plaintiff, JAZMIN GEANS ("Ms. Geans"), moves the Court for entry of judgment against the Defendant, POHANKA OF CHANTILLY, INC. ("Defendant"), and states:

### Nature of Case

1. These claims arise from Defendant's unlawful gender-based treatment of Ms. Geans, which occurred in the context of her employment with Defendant, and amounted to sexual harassment, discrimination, and retaliation in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000, *et seq*.

### Parties & Jurisdiction

2. Ms. Geans is a resident of Virginia and was employed as an employee of Defendant at the time of the actions or omissions giving rise to this action.

3. Defendant is a Virginia corporation, which conducts business in Virginia and holds its principal office at 13909 Lee Jackson Highway, Chantilly, Virginia 20151.

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 28 U.S.C. §

1331, 28 U.S.C. §1343 and 42 U.S.C. § 2000e-5.  Equitable relief and other relief are also brought under 42 U.S.C. §2000e-5(g).

5. Venue is proper, pursuant to 28 U.S.C. § 1391 because all parties reside, Defendant conducts business, and the events or omissions giving rise to the claims brought forth in this action occurred in this judicial district.

6. Ms. Geans filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, including violations based on sex discrimination and retaliation on or about May 22, 2018.  *See* Charge of Discrimination attached hereto as Exhibit A.

7. On or about May 29, 2018 Ms. Geans received a Notice and Dismissal of Rights giving her notice she had ninety (90) days to commence a civil action in this Court.  *See* Notice and Dismissal of Rights attached hereto as Exhibit B.

Facts

8. Ms. Geans was an employee of Defendant, where she worked for approximately three (3) years, holding titles including Dealer Exchange & Upgrade Specialist, Customer Relations Specialist, and Loaner Accident Assistant, until she was forced to resign her position on March 28, 2018 as a result of the acts underlying this action.

9. During the time of her employment, Ms. Geans had been an excellent employee who rarely, if ever, needed correcting or admonishment for performance.

10. Ms. Geans experienced multiple forms of sexual harassment and discrimination while employed by Defendant.

11. For instance, Defendant's employee and Ms. Geans' supervisor, Kevin Murray physically touched Ms. Geans with his penis, and in other sexual manners.

12. Mr. Murray made numerous inappropriate sexual comments to Ms. Geans, including him offering Ms. Geans money for her to have sex with him.

13. On another occasion, Mr. Murray hugged Ms. Geans and asked her "did you feel that?" before further clarifying that he was referring to his penis.

14. Ms. Geans was also sexually harassed by Defendant's employee, James Manikath, who has been engaging in such behavior for the last few years.

15. For instance, Mr. Manikath has asked Ms. Geans to "meet up with him for sex" and has said "let's go to your house to have sex."

16. None of these actions were consensual.

17. Mr. Murray's and Mr. Manikath's comments and attacks, which were made in the presence of coworkers and customers, made it very difficult for Ms. Geans to perform her job.

18. Ms. Geans reported these instances of harassment to Defendant's Service Director, Doug Moultrie, on several occasions, but Defendant took no corrective action.

19. When Ms. Geans brought these issues to her superiors, Defendant informed Ms. Geans and her coworkers that Mr. Murray was terminated.

20. Ms. Geans, and her female coworkers were initially relieved and hopeful that the sexual assaults and harassment would stop.

21. However, Mr. Murray was not terminated, but merely transferred to another one of Defendant's locations.

22. Defendant recently rehired Mr. Manikath.

23. In the December of 2017, Defendant's in house counsel apparently "investigated" this matter, but decided that there was nothing wrong with the way Ms. Geans, or its other female employees were being treated.

24. Defendant instructed Ms. Geans that she should not consult with a lawyer regarding the violations of her civil rights against sexual harassment and discrimination.

25. Mr. Murray and Mr. Manikath both had histories, prior to these incidents, of harassing employees in a similar fashion, of which Defendant was aware.

26. Defendant took no further action, and has indicated that it does not find these behaviors to be improper.

27. Defendant therefore permitted and perpetuated a hostile work environment by allowing its agents and employees to continue with abrasive, harassing, and harmful conduct without taking appropriate and/or effective remedial action.

28. In fact, be retaining and hiring individuals which it knows to engage in these types of behaviors, Defendant has indicated that it endorses this inappropriate and illegal behavior.

29. Due to the toxic work environment and the repeated sexual assaults against her, Ms. Geans was forced to resign her position on March 28, 2018.

30. The actions taken by Defendant were taken willfully, wantonly and with conscious disregard for the rights of Ms. Geans to work in an environment free from harassment.

31. Any actions and/or reasons taken and/or given are pre-textual with respect for why Defendant failed to protect Ms. Geans from unwanted harassment or why Defendant failed to properly remedy such conduct.

32. Ms. Geans was originally unwilling to admit to herself or to others that she was and continues to be a victim of sexual assault, but is now ready to do so.

33. These incidents will live with Ms. Geans for the remainder of her life, and as a result she will need significant care and support.

## COUNT ONE: Sexual Discrimination

34.     Paragraphs 1-33 are hereby incorporated as if re-alleged herein.

35.     Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b), engaged in an industry affecting commerce, with over twenty (20) employees and members.

36.     Ms. Geans was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

37.     Defendant maintained and continues to maintain and implement the unlawful employment practice of discriminating against Ms. Geans with respect to her compensation, terms, conditions, and privileges of employment because of Ms. Geans' sex, in direct violation of 42 U.S.C. § 2000e-2(a)(1).

38.     Defendant maintained and continues to maintain and implement the unlawful employment practice of limiting, segregating, and classifying its employees in a manner which deprives or tends to deprive individuals, including Ms. Geans, of employment opportunities or otherwise adversely affects their status as an employee because of those individuals' sex, in direct violation of 42 U.S.C. § 2000e-2(a)(2).

39.     The female status of individuals employed by Defendant, including Ms. Geans' status as a female, was used by Defendant as a motivating factor for its employment practices, particularly in its practice of determining which employee would receive promotions to management level positions, in direct violation of 42 U.S.C. § 2000e-2(m).

40.     Defendant discriminated against Ms. Geans because she opposed practices implemented by Defendant made an unlawful practice by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000, et seq., in direct violation of 42 U.S.C. § 2000e-3(a).

41. As a result of the hostile, offensive and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Geans from such discrimination, Ms. Geans suffered humiliation, emotional stress and physical pain.

42. Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect to the sex discrimination suffered by Ms. Geans.

43. Defendant failed to take all necessary and reasonable steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

44. As a further direct and proximate cause of Defendant's violation of Title VII of the Civil Rights Act of 1964 as described above, Ms. Geans has been compelled to retain the services of counsel in an effort to protect his rights with respect to work environment and hiring/firing practices maintained by Defendant as has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Geans.

WHEREFORE, Plaintiff, JAZMIN GEANS, seeks judgment against the Defendant in an amount that will compensate her for:

1. Violation of her rights under Title VII of the Civil Rights Act of 1964;

2. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future;

3. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious and/or grossly negligent conduct;

4. A permanent injunction against future acts of discrimination against the Plaintiff by the Defendant;

5. Costs expended herein, including reasonable attorneys' fees;

6. Pre-judgment and post-judgment interest; and

7. Any and all other relief to which he may be entitled.

TRIAL BY JURY IS HEREBY DEMANDED.

JAZMIN GEANS

By: _____/s/ Jason F. Zellman_____
Counsel

Jason F. Zellman, Esq., VSB #77499
Tyler J. Blaser, Esq., VSB #90566
SUROVELL ISAACS & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Telephone 703.251.5400
Facsimile 703.591.9285
jzellman@surovellfirm.com
tblaser@surovellfirm.com
Counsel for Ms. Geans